THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, Respondent, v. JACOB R. TELFAIR, as Receiver of the PACIFIC MUTUAL INSURANCE COMPANY, Appellant.

*Policy of reinsurance — not presumed to be the same as the original policy — proof required to sustain an action upon it — admission of liability by the receiver of the reinsurer — power of the receiver to bind the estate of the reinsurer.*

In an action upon a policy of reinsurance the same proof is required as in an action upon the original policy.

There is no presumption, in the absence of proof upon the subject, that a policy of reinsurance covers the same risk as that assumed by the original underwriter.

In an action upon a lost policy of reinsurance proof of the entry of a judgment against the plaintiff upon the original policy, and of a form of policy of reinsurance issued by the defendant to a third party, is insufficient to show that the risk assumed in the lost policy of reinsurance was the same as that assumed in the original policy, where it appears affirmatively that there are different forms of policies of reinsurance, and that reinsurance companies do not always assume the same risks as the original insurers.

*Semble*, that the policy issued by the defendant to the third party was inadmissible.

An admission of liability upon the contract of reinsurance contained in letters signed by the receiver of the reinsurer is not conclusive upon the receiver, where it appears that when he made the admission he was without knowledge or information in regard to the terms of the policy, and relied upon the plaintiff's claim, and that he made a request for the production of the policy of reinsurance, which was never complied with.

*Semble*, that as against the other creditors of the reinsurer the receiver could not bind its estate, except for the payment of a valid claim.

APPEAL by the defendant, Jacob R. Telfair, as receiver of the Pacific Mutual Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of

the county of New York on the 9th day of May, 1899, upon the decision of the court rendered after a trial before the court without a jury at the New York Trial Term.

*Lorenzo Semple*, for the appellant.

*Charles Gibson Bennett*, for the respondent.

O'BRIEN, J.:

The defendant assails the validity of the judgment on this appeal, contending that the plaintiff failed to make out a cause of action; and this contention necessarily requires a review of the facts as well as the law.

The plaintiff seeks to recover from the defendant the sum of $2,000, with interest, upon a policy of reinsurance issued to the plaintiff by the company of which the defendant is the receiver. It is in substance alleged in the complaint that in 1880 the plaintiff issued its policy of marine insurance to one Charles S. Dilkes in the sum of $38,222 against perils of the sea, upon a cargo of steel rails to be shipped from Philadelphia to Charleston, S. C., by the schooner *Mattie A. Hand*, loss if any payable to the consignee, the Cheraw and Salisbury Railroad Company; that the defendant company reinsured the plaintiff against any loss which it might sustain by reason of its policy to Dilkes; that the schooner, with her cargo, sailed from the port of Philadelphia, and while proceeding upon her voyage was damaged by perils of the sea; that upon her arrival at the port of destination, the consignee of the cargo, in order to obtain possession of the same, gave its general average bond, agreeing to pay its share of the expenses which had been or might be incurred for the general benefit; that in 1880 the owners of the vessel commenced an action in Pennsylvania on the general average bond agreement against the consignee in which suit the plaintiff herein was brought in as a garnishee and made a party to the action; that after two trials, judgment was obtained by the owners against the plaintiff in 1893, which judgment was paid; and that thereafter the plaintiff duly demanded from the defendant payment, which was refused, though the defendant admitted the correctness of the claim. The answer admits that a policy of reinsurance was made, but denies any knowledge of its terms; denies any knowledge of the alleged

loss or of the alleged occurrences subsequent thereto, except that a demand for the sum stated has been made; and, as a separate defense, interposes the Statute of Limitations.

Without referring in detail to the evidence in support of the allegations of the complaint, we may assume as proved that a policy of reinsurance was issued and that it was lost. The question in dispute relates to the terms of the policy and what risk was covered by the reinsurance. It is contended by the plaintiff that the only reasonable inference of fact, in the absence of proof to the contrary, is that the policy of reinsurance covered the same liability as that assumed by the original insurance, which, also, is said to be the inference of law. Whether these contentions are sound may be briefly considered.

The testimony shows that there are different forms of policies of reinsurance; and it thus appears that it was entirely competent for parties to make any one of these different forms of contract for reinsurance. We have in evidence a judgment of the Pennsylvania courts fixing the plaintiff's liability, from which the inference is deducible that in an action brought by the owners of the vessel against the consignee upon a general average bond, the plaintiff was vouched in and appeared in the suit and was held liable for the risk covered and the loss indemnified against by such general average bond. From the judgment alone it would be difficult to draw an inference either of fact or of law that the loss covered by the general average bond for which the plaintiff was held liable in the Pennsylvania courts was the same loss upon the same risk and the same terms as that contracted for by the Pacific Company.

We take the law to be as stated by text writers and in the cases, that to recover upon a policy of reinsurance the same proof must be given as in an action against the original underwriter. The fact, therefore, of the existence of a policy of reinsurance, supplemented though it be by the judgment of the Pennsylvania court against the plaintiff, was insufficient to prove that the defendant company herein had assumed the same risk for which the plaintiff had been held liable.

The rule in reference to reinsurance is well expressed in the syllabus in *Yonkers & New York Fire Ins. Co.* v. *Hoffman Fire Ins. Co.* (6 Robt. 316), as follows: "The contract of reinsurance is

totally distinct from, and unconnected with, the primitive insurance and the reinsured, in order to recover against the reinsurer, must prove the extent of the loss in the same manner as the original insurer must have proved it against him.   *   *   *   No distinction exists between policies of reinsurance and other or first policies in respect to the nature or extent of the proof required.   Before reinsurers can recover they must show that they have paid a valid claim ; which can only be done by showing that the primitive insurers had a risk upon the subject insured, and that such subject was destroyed." The case cited arose under a fire insurance policy; but in Parsons on Marine Insurance (Vol. 1, pp. 299, 300), where a reference to the authorities may also be found, it is said : " This has been held in the case of fire insurance, and we have no doubt that the same principle would be held applicable to a case of marine insurance."

In the present instance, as stated, the uncontradicted evidence is that there was no general form of marine insurance policy in use and that reinsurance companies do not always assume the same risk as the original insurers ; and with such evidence, it cannot be inferred that because the defendant's policy was one of reinsurance, it must necessarily have covered the same risk as the plaintiff's original policy or the risk covered by the general average bond. In *Sun Mutual Insurance Company* v. *Ocean Insurance Company* (107 U. S. 485) the syllabus correctly summarizes the opinion as follows: " Where, in a suit in admiralty by one insurance company against another upon a contract of reinsurance, it became essential for the libellant to show that the risk which it had assumed was the same as that insured against by the policy sued on, and the Circuit Court asserted the identity of the insurances, not in the findings of fact, but as a conclusion of law, the question on appeal is not whether that might be true as a presumption or inference of fact from the circumstances stated in the findings, but whether, upon the facts found, it must be true as a matter of law.   *   *   *   The exaction of information in some instances may be greater in a case of reinsurance than as between the parties to an original insurance."

The fundamental error underlying the plaintiff's argument is in the assumption that in all cases of reinsurance it will be taken for granted that the policies are identical, as to the risk, with the original policy.   Here there is no competent proof that the subject of the

risk was the same, the plaintiff contenting itself with offering in evidence a form of policy of reinsurance issued by the Pacific Company to some third party, and from which, if good for any purpose, it was intended to show that the risk reinsured against was identical with the original policy issued by the plaintiff. When we advert again to the fact that there were different contracts of reinsurance, it will be seen that the admission of this policy in evidence was error for the reason that it was entirely incompetent and inconclusive upon the fact sought to be proved.

Nor do we think that the admission of liability in the letters signed by the receiver is conclusive, for the reason that they were sent without knowledge of the facts and in reliance upon the claim of the plaintiff that the Pacific Company was indebted upon a policy of reinsurance. It will be noticed that in one of the first letters the receiver requested the production of the policy of reinsurance, which was never produced; and his admission must be taken as qualified by the other facts appearing that he was without knowledge or information in regard to the terms of the policy and could not even, if he wished, as against the other creditors of the corporation, bind the estate except for the payment of a valid claim. Here the proof of claim was never furnished to the defendant nor was it given upon the trial.

Without discussing the other questions, we think, for the reason that the plaintiff failed to sustain the burden placed upon it to show that the policy of reinsurance covered the same risk on loss for which it was held responsible in the Pennsylvania courts, the judgment must be reversed and a new trial ordered, with costs to the appellant to abide the event.

Van Brunt, P. J., Barrett, Rumsey and Patterson, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.